UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-438-CEH-TBM

FREDDY MAXIMINO MERO
FRANCO
_____/

**ORDER**

This matter comes before the Court on Defendant's construed Motion for Compassionate Release (Doc. 92). Defendant, Freddy Maximino Mero Franco, proceeding *pro se*, filed a copy of his "Regional Administrative Remedy Appeal" regarding his request to the warden for early release under the First Step Act, which the Court construes as a motion for compassionate release. In the construed motion, Defendant states he has chronic diabetes, which increases his risk of serious and life-threatening effects if he were to contract COVID-19. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's construed Motion for Compassionate Release.

**I.   BACKGROUND**

On January 24, 2017, Defendant pleaded guilty to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 39, 42. On June 9, 2017, judgment was entered against Defendant on Count One of the Indictment, and Defendant was sentenced to 120 months'

imprisonment and five years of supervised release. Doc. 83. Defendant is 43 years old, and currently incarcerated at McRae Correctional Institution in McRae Helena, Georgia with a scheduled release date of April 10, 2025. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed Dec. 6, 2021).

On November 16, 2020, Defendant filed a "Regional Administrative Remedy Appeal" form in which he requests early release pursuant to the First Step Act. Doc. 92. While the form demonstrates that Defendant likely exhausted administrative remedies, he fails to carry his burden that he is entitled to early release. Defendant appears to be claiming his medical condition constitutes an extraordinary and compelling reason to warrant a reduction in his sentence, but his construed motion fails. Defendant alleges he suffers from diabetes and claims his inability to exercise or leave his cell due to the COVID-19 pandemic have made his condition worse. Because Defendant fails to provide any medical documentation to support his claimed condition, the Court finds the motion is due to be denied.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after

3

the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.    DISCUSSION

Based on the document submitted by Defendant, it appears he has made a request to the warden of his facility requesting compassionate release. However, even

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

if administrative exhaustion is satisfied, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end-of-life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant asserts that his diabetic condition has worsened due to the pandemic, making him more susceptible to life-threatening consequences should he contract COVID-19. However, Defendant has failed to provide any medical records substantiating the seriousness of his condition or whether he is unable to care for himself in the prison environment due to it.

Sufficient medical documentation is needed in this case to meet the requirements of *Heromin*, as the severity of the conditions cannot be determined without supporting documentation. 2019 WL 2411311, at *2. Because Defendant fails to provide medical records to support his claimed conditions, his motion is due to be denied.

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community and that consideration of the Section 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). On the scant record before it, the Court cannot make a finding that the Section 3553(a) factors weigh in favor of release. Accordingly, it is hereby

**ORDERED**:

1. Defendant's construed motion for compassionate release (Doc. 92) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 6, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties