UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 8:16-cr-438-CEH-TBM

FREDDY MAXIMINO MERO
FRANCO
_____/

## ORDER

This matter comes before the Court on Defendant's Motion for a Reduction in Sentence (Doc. 91).  Defendant, Freddy Maximino Mero Franco, filed a *pro se* motion requesting this Court grant him a reduction in sentence. In support, he argues that his status as a deportable alien warrants a downward departure under the U.S. Sentencing Guidelines. The Government filed a response in opposition (Doc. 97), arguing the motion should be denied because Defendant fails to cite to any authority that authorizes the Court to reduce his sentence.  The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for a Reduction in Sentence.

## DISCUSSION

On January 24, 2017, Defendant pleaded guilty to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 39, 42. On June 9, 2017, judgment was entered against Defendant on Count One of the Indictment, and Defendant was sentenced to 120 months'

imprisonment and five years of supervised release. Doc. 83. Defendant is currently incarcerated at McRae Correctional Institution in McRae Helena, Georgia with a scheduled release date of April 10, 2025. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed Jan. 25, 2022).

Defendant filed a *pro se* motion arguing he is entitled to a reduction in sentence because he is a deportable alien. Doc. 91. He asserts that he has demonstrated exemplary conduct while incarcerated and has completed various programs within the facility in which he is housed. He claims to suffer from many serious health conditions. He states that continuing to imprison him will be a financial liability and undue burden on the Bureau of Prisons.

To the extent Defendant's motion is intended to be brought under 18 U.S.C. § 3582(b), this Court has already denied Defendant's request for compassionate release in its order dated December 6, 2021. Nothing in the instant motion changes the Court's prior ruling.

In support of his requested relief, Defendant cites to the out-of-circuit non-binding case of *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). As discussed by the Government, the sentencing judge in that pre-*Booker*[1] case used the defendant's noncitizen status as a basis for departing downward from the Sentencing Guidelines during sentencing, not after defendant was already sentenced. Thus, the *Smith* case is inapplicable and provides Defendant no relief here. Because Defendant cites to no

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

authority, given the circumstances alleged, and the Court is not aware of any authority which would permit this Court to modify his sentence, Defendant's motion for a reduction in sentence is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1.  Defendant's Motion for a Reduction in Sentence (Doc. 91) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 26, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Freddy Maximino Mero Franco